# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

RECEIVED
2022 APR -5 P 1: 25
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| SANDRA SKIPPER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIAM LARRY SKIPPER, DECEASED, ) ) ) ) ) | Case No.: 2:22-cv-160 |
| PLAINTIFFS, ) ) | |
| VS. ) ) ) | Pending in the Circuit Court of Covington County, Alabama Civil Action No.: CV-2022-900015 |
| KEN L. FITZPATRICK AND PREMIERE TRANSPORTATION, LLC, et al. ) ) ) ) | |
| DEFENDANTS. ) ) | |

## NOTICE OF REMOVAL

COME NOW the Defendants, Ken Fitzpatrick and Premiere Transportation, LLC, and hereby remove the above styled action from the Circuit Court of Covington County, Alabama, there pending as Civil Action No.: 23-CV-2022-900015, to this United States District Court for the Middle District of Alabama, Northern Division, by stating as follows:

**I.    Background of the State Court Action:**

1.    The Plaintiff, Sandra Skipper, as personal representative of the Estate of William Larry Skipper, Deceased, commenced this action on February 25, 2022,

by filing her Complaint in the Circuit Court of Covington County, Alabama, with Civil Action No.: 23-CV-2022-900015.

2. This case concerns a motor vehicle accident between Ken Fitzpatrick and William Larry Skipper.

3. According to the Complaint, William Larry Skipper was a resident citizen of Covington County, Alabama at the time of his death.

4. His widow and personal representative, Sandra Skipper, is a resident citizen of Covington County, Alabama.

5. According to the Complaint, Ken Fitzpatrick is a resident citizen of the State of Tennessee.

6. According to the Complaint, Defendant Premiere Transportation, LLC, is a company organized and existing under the laws of the State of Tennessee, with its principal place of business in Tennessee.

7. On February 11, 2022, William Larry Skipper was traveling on Highway 55 North in Covington County, Alabama, on his 2016 John Deere Tractor.

8. According to the Complaint, Defendant Ken Fitzpatrick negligently or wantonly operated a Cadillac Escalade and violently crashed into the rear of the tractor at a high rate of speed.

9. According to the Complaint, William Larry Skipper was catastrophically injured and died as a result of his injuries.

10. Ken Fitzpatrick was working in the line and scope of his employment with Premiere Transportation, LLC at the time of the accident.

11. The Plaintiff claims wrongful death, negligent and wanton entrustment, and property damage for the John Deere tractor.

12. The Complaint does not identify an amount in controversy against the Defendants.

## II.  The Defendant's Removal is based on Diversity Jurisdiction.

13. "The District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. 1332(a)(1); *see also Collins v. Novartis Pharms. Corp.*, 2015 WL 178157 (M.D. Ala. Jan. 14, 2015).

14. This Court has jurisdiction over the claims asserted in this matter under 28 U.S.C. §1332 and 28 U.S.C. §1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

a.  **Diversity of Citizenship.**

15. Diversity jurisdiction requires that the plaintiff be a citizen of a state different from that of any of the defendants. *Bel-Bel Int'l Corp. v. Community Bank*, 162 F.3d 1101, 1106 (11th Cir. 1998).

16. When alleging the citizenship of the administrator or a representative of an Estate for purposes of determining whether diversity jurisdiction exists, citizenship rests on the citizenship of the decedent, not the administrator. *Sauls v. Sneed*, 413 F. Supp. 3d 1132 (N.D. Ala. 2019).

17. Sandra Skipper is resident citizen of the State of Alabama.

18. William Larry Skipper, deceased, was a resident citizen of the State of Alabama at the time of his death.

19. Ken Fitzpatrick is a resident citizen of the State of Tennessee.

20. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004).

21. Premiere Transportation, LLC, is a business organized under the laws of the State of Tennessee, with its principal place of business in Tennessee.

22. Premiere Transportation, LLC has four members: (1) Ken Fitzpatrick; (2) Keith Melton; (3) David Strange; and, (4) a Revocable Trust whose Trustee is Samuel W. Davis.

23. Ken Fitzpatrick is a resident citizen of the State of Tennessee.

24. Keith Melton is a resident citizen of the State of Tennessee.

25. David Strange is a resident citizen of the State of Tennessee.

26. The Revocable Trust is organized under the laws of the State of Tennessee and its Trustee, Samuel W. Davis, is a resident citizen of the State of Tennessee.

27. Regarding a trust, the citizenship of an individual trustee determines diversity jurisdiction of the Trust. *See e.g., Navarro Saving Association v. Lee* 446 U.S. 458 (1980).

**b.     Amount in Controversy.**

28. Sandra Skipper, as personal representative of the Estate of William Larry Skipper, deceased, is claiming wrongful death against Ken Fitzpatrick and Premiere Transportation, LLC, for the death of her husband, William Larry Skipper.

29. The Complaint does not state an amount claimed.

30. "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).

31. The *Lowery* court held that unspecified damages in a complaint and a defendant's bare assertions in a removal do not satisfy the "preponderance of the evidence burden." *See id* at 1210–11.

32. Notwithstanding *Lowery*, a wrongful death action brought under Alabama law satisfies the amount in controversy. *See Roe v. Micheline North America, Inc.*, 637 F.Supp.2d 995 (M.D. Ala. 2009). The *Roe* court explicitly found that a wrongful death action filed under Alabama law satisfies the amount in controversy requirement despite the requirements of *Lowery*. *Id.* (*stating* "judicial experience and common sense" should be employed when determining whether a Complaint satisfies the amount in controversy requirement and *finding* that damages in a wrongful death case in Alabama, which are intended to punish the wrongdoer, necessarily satisfy the jurisdictional threshold).

33. A court may ascertain from the face of the Complaint alleging wrongful death that the amount of controversy exceeds $75,000.00. *Butler v. Charter Communications, Inc.*, 755 F.Supp.2d 1192 (M.D. Ala. 2010).

34. Therefore, this Court has jurisdiction over the claims asserted in this matter under 28 U.S.C. §1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

### III. The Removal is Timely.

35. The Plaintiff served both Defendants on March 7, 2022.

36. The Defendants have not answered the State Court Complaint and this Notice of Removal is filed within 30 days of service as required by 28 U.S.C. § 1446(b).

### IV. Removal is Perfected and Proper Notice Provided.

37. The United States District Court for the Middle District of Alabama, Northern Division, encompasses the geographic area of the Circuit Court of Covington County, Alabama.

38. Copies of all process and pleadings served upon the Defendants in the state court, including the Case Action Summary from the State Judicial Information System web site Alacourt.com, are attached hereto as Exhibit "A".

39. The Defendants provide prompt notice of its filing this Notice of Removal to all parties and to the Circuit Court of Covington County, Alabama, by filing a Notice of Filing Notice of Removal, attached hereto as Exhibit "B", together

with a copy of this Notice of Removal, in the Circuit Court of Covington County, Alabama, and by serving same on all parties as provided in 28 U.S.C. § 1446(d).

40. As set forth above, diversity of citizenship exists between the parties in this action, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1446, the action is removed to this Court.

41. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this action is duly removable.

WHEREFORE, PREMISES CONSIDERED, Ken Fitzpatrick and Premiere Transportation, LLC, respectfully requests this Honorable Court to enter an Order affecting the removal of this action from the Circuit Court of Covington County, Alabama to this Court, and to make such other Orders as may be appropriate to affect he preparation and filing of the true record in this case of all proceedings that may have been had in the Covington County Circuit Court.

**IF NECESSARY, ORAL ARGUMENT REQUESTED'**

DATED this the 1ˢᵗ day of April, 2022.

Respectfully submitted,

/s/ Paul A. Miller
_____
PAUL A. MILLER (MIL011)

*Patrick W. Franklin*
_____
PATRICK W. FRANKLIN (FRA051)
*Attorneys for the Defendants*
MILLER, CHRISTIE & KINNEY, P.C.
500 Office Park Drive, Suite 210
Birmingham, Alabama 35223
(205) 326-0000 | (205) 323-2945 *fax*
pmiller@mck-law.com
pfranklin@mck-law.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below counsel by U.S. Mail and/or E-Filing on this the 1st day of April, 2022:

Corey D. Bryan
119 E. Three Notch Street
Andalusia, AL 36420
corey@mbsslaw.com

Wesley L. Laird
Laird, Baker & Blackstock, LLC
501 N. Main Street
Opp, AL 36467
wes@lbblawfirm.com



PAUL A. MILLER