ELECTRONICALLY FILED
2/25/2022 10:43 AM
23-CV-2022-900015.00
CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA
AMY JONES, CLERK

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| SANDRA SKIPPER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIAM LARRY SKIPPER, DECEASED<br><br>PLAINTIFFS,<br><br>VS.<br><br>KEN L. FITZPATRICK AND PREMIERE TRANSPORTATION, LLC, and FICTITIOUS PARTY "A"- "E" being that individual or entity responsible in any way for the wrongful death herein,<br><br>DEFENDANTS. | Case No.: CV-2022-____ |

## COMPLAINT
### STATEMENT OF THE PARTIES

1. Plaintiff Sandra Skipper is an individual over the age of nineteen (19) years and resides in Covington County, AL. Sandra Skipper was appointed Personal Representative of the Estate of William Larry Skipper, deceased, on February 24, 2022 by the Probate Court of Covington County. Sandra Skipper is the widow of William Larry Skipper.

2. Defendant Ken L. Fitzpatrick is over the age of nineteen (19) years and a resident citizen of Tennessee.

3. Defendant Premiere Transportation, LLC is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Williamson County, Tennessee.

4.      Fictitious Party "A-E" being that individual or entity who employed Ken Fitzpatrick at the time of the crash complained of herein, which is responsible in any way for the injuries and wrongful death of the Plaintiff.

5.      Plaintiff brings this action pursuant to Code of Alabama Section 6-5-410.

## FACTUAL ALLEGATIONS

6.      In the afternoon of Friday, February 11, 2022, at approximately 3:00 p.m., William Larry Skipper (hereafter "Skipper") was traveling on Highway 55 North in Covington County, Alabama, on his 2016 John Deere 3025 tractor. He was traveling in a 65 mph speed zone in plain sight on a straight and level roadway, with his emergency lights/flashers on and with a the required orange safety triangle on the rear of the tractor. He was traveling in the inside lane, nearing his home on his left at 35099 Alabama Highway 55 near Red Level, when Defendant, Ken Fitzpatrick (hereafter "Fitzpatrick"), negligently or wantonly operating a Cadillac Escalade, violently crashed into the rear of the tractor at a high rate of speed. As a result of this violent collision, Skipper was catastrophically injured and later died.

7.      Fitzpatrick is believed to have been on a business trip while working in the line and scope of his employment or while acting as an agent for the Defendant, Premiere Transportation, LLC or Fictitious Party A (hereafter "Premiere Transportation"),when Skipper negligently and/or wantonly crashed the vehicle he was driving into the rear of Skipper's tractor. As a result of this violent collision, Skipper was catastrophically injured and later died.

## COUNT I
**Wrongful Death**
**(Negligence and/or Wantonness)**

8. Plaintiff incorporates all of the previous paragraphs by reference into this count.

9. Defendant Fitzpatrick negligently and/or wantonly crashed the vehicle he was driving into the Skipper tractor.

10. As a proximate result of this crash, William Larry Skipper died.

11. The conduct of Fitzpatrick, as described herein, was wrongful, negligent and/or wanton.

12. At the aforesaid time and place, Fitzpatrick was an agent, servant and/or employee of the Defendant, Premiere Transportation or Fictitious Defendant A, and was acting within the line and scope of his agency, service and/or employment for the Defendant, Premiere Transportation or Defendant A, so that the Defendant, Premiere Transportation and/or Defendant A is vicariously liable for the wrongful death of Skipper.

Wherefore, Plaintiff demands judgement against Defendants Fitzpatrick, Premiere Transportation and Fictitious Defendant A, jointly and severally, for the wrongful death of William Larry Skipper in such amounts as the evidence supports and the court awards, plus costs of suit.

## COUNT II
**Negligent/Wanton Entrustment**

13. Plaintiff incorporates all of the previous paragraphs by reference into this count.

14. On or before February 11, 2022, Defendant Premiere Transportation and/or Fictitious Defendant A was the owner and/or had custody and/or control of the vehicle being operated by Fitzpatrick, when the crash made the subject of this complaint occurred.

15. Plaintiff avers that Fitzpatrick was incompetent to operate said vehicle and that Defendant, Premiere Transportation and Fictitious Defendant A knew, or by the exercise of reasonable care, should have known that Fitzpatrick was incompetent to operate said vehicle. As a result, the Defendant, Premiere Transportation and Fictitious Defendant A negligently and/or wantonly entrusted said vehicle to Fitzpatrick.

16. This negligent and/or wanton entrustment combined and concurred with the negligence and/or wantonness of Fitzpatrick, and as a proximate result of the same, William Larry Skipper died.

Wherefore, Plaintiff demands judgement against Defendants Fitzpatrick, Premiere Transportation and Fictitious Defendant A, jointly and severally, for the wrongful death of William Larry Skipper in such amounts as the evidence supports and the court awards, plus costs of suit.

## COUNT III
### Combined and Concurring Negligence and Wantonness

17. Plaintiff incorporates all of the previous paragraphs by reference into this count.

18. The Defendant Fitzpatrick's negligence and/or wantonness combined and concurred with the negligence and/or wantonness of Premiere Transportation and/or Fictitious Defendants A-E, and as a proximate result of the same, William Larry Skipper died.

Wherefore, Plaintiff demands judgement against Defendants Fitzpatrick, Premiere Transportation and Fictitious Defendant A, jointly and severally, for the wrongful death of William Larry Skipper in such amounts as the evidence supports and the court awards, plus costs of suit.

## COUNT IV
### Property Damage

19. Plaintiff incorporates all of the previous paragraphs and incorporates them by reference into this count.

20. At the time of the subject wreck, Skipper was traveling on a John Deere 3025, which was damaged in the subject wreck and rendered less valuable.

21. As a proximate result of the negligence/wantonness of the Defendants, Plaintiff suffered property damage, including but not limited to diminished value.

**WHEREFORE, THESE PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants, jointly and severally, for property damages, plus interest and costs, in an amount to be determined.

## COUNT V
### Fictitious Parties

22. Plaintiff incorporates all of the previous paragraphs and incorporates them by reference into this count.

23. The Plaintiff further avers and alleges that the fictitious Defendants "A" through "E" were guilty of negligence and wantonness. The claims set out in this Complaint are averred against all fictitious Defendants.

Wherefore, Plaintiff demands judgement against Defendants Fitzpatrick, Premiere Transportation and Fictitious Defendant A through E, jointly and severally, for the wrongful death of William Larry Skipper in such amounts as the evidence supports and the court awards, plus costs of suit.

## A TRIAL BY STRUCK JURY IS HEREBY DEMANDED BY PLAINTIFF

Respectfully submitted,

*/s/Corey D, Bryan*   (BRY-034)
Corey D. Bryan, Esquire
119 E. Three Notch St.
Andalusia, AL 36420
T: 334-222-8220
F: 334-222-8233
Email: corey@mbsslawfirm.com

*/s/ Wesley L. Laird*   (LAI-005)
Wesley L. Laird
Laird, Baker & Blackstock, LLC
501 N. Main Street
Opp, AL 36467
T: (334) 493-9716
F: (334) 493-9715
Email: Wes@lbblawfirm.com
*Attorneys for Plaintiff*